**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Bill M. Boots,                                         Civil No. 17-3923 (DWF/LIB)

                 Plaintiff,

v.                                                **ORDER ADOPTING REPORT**
                                                       **AND RECOMMENDATION**

Nathan Johnson, Kevin Carlson,
Richard O'Connor, Thorne M. Torgerson,
Julie Rose, Sara Kulas, Andrea M. Kosloski,
and Kevin Moser, sued in their individual
and official capacities,

                 Defendants.

This matter is before the Court upon Plaintiff Bill M. Boots' ("Plaintiff") objections (Doc. No. 33) to Magistrate Judge Leo I. Brisbois' January 23, 2018 Report and Recommendation (Doc. No. 32) which recommends that: (1) Defendants' Motion to Dismiss Plaintiff's Complaint be granted as follows: (a) Plaintiff's claims against Defendants in their official capacities seeking monetary damages be dismissed with prejudice; and (b) all of Plaintiff's other claims against Defendants in their official and individual capacities be dismissed without prejudice; (2) Plaintiff's Motion for Additional Storage Bin be denied as moot; and (3) the action be dismissed. Defendants filed a response to Plaintiff's objections on February 28, 2018. (Doc. No. 35.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

In the Report and Recommendation, the Magistrate Judge recommended that the Court grant Defendants' Motion to Dismiss, deny as moot Plaintiff's Motion for Additional Storage Bin, and dismiss the action. Specifically, the Magistrate Judge recommended dismissing all claims seeking monetary damages against Defendants in their official capacities with prejudice. The Magistrate Judge also recommended that the remaining claims be dismissed without prejudice. With respect to Defendants O'Connor, Torgerson, Rose, Kulas, Kosloski, and Moser, the Magistrate Judge concluded that Plaintiff failed to allege specific facts to demonstrate their personal involvement and impose liability under 42 U.S.C. § 1983. In addition, the Magistrate Judge rejected the imposition of vicarious liability as to these defendants. With respect to Defendants Carlson and Johnson, the Magistrate Judge determined that Plaintiff's Complaint failed to adequately allege facts to support liability for deliberate indifference under the Eighth and Fourteenth Amendments.[1]

---

[1] Plaintiff's Complaint only alleges Fourteenth Amendment claims and does not reference the Eighth Amendment. Contrary to the Magistrate Judge's statement in the Report and Recommendation, Plaintiff, a civilly committed individual, may not assert an Eighth Amendment claim because he is not incarcerated, and "[t]he rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). However, "the Fourteenth Amendment provides pretrial detainees at least the same level of constitutional protection as the Eighth Amendment does to prisoners," *Nelson v. Shuffman*, 603 F.3d 439, 446 n.3 (8th Cir. 2010), and the Eighth Circuit has analogized Minnesota Sex Offender Program residents to pretrial detainees, *see Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). The Court adopts the analysis of Plaintiff's claims under an Eighth Amendment standard, noting that these claims properly arise under the Fourteenth Amendment.

Plaintiff objects on the grounds that: (1) he was not seeking monetary damages against Defendants named in their official capacities; (2) the Complaint includes allegations that Defendants O'Connor, Torgerson, Rose, Kulas, Kosloski, and Moser were personally involved in the enforcement of an offensive policy, and these Defendants may also be held liable based on vicarious liability; and (3) Plaintiff has adequately alleged that Defendants Carlson and Johnson were aware of a substantial risk to Plaintiff's safety and failed to reasonably respond. Defendants oppose Plaintiff's objections and ask the Court to adopt the Magistrate Judge's Report and Recommendation in its entirety.[2]

The Court concludes that Plaintiff's objections fail to establish any reason to depart from the Magistrate Judge's Report and Recommendation. With respect to monetary damages, the Complaint states that "Plaintiff seeks monetary and compensatory damages in Defendants' individual capacity only." (Doc. No. 1 ("Compl.") ¶ 2.) However, the Complaint's Prayer for Relief fails to distinguish Plaintiff's claims in this manner and generally seeks "[j]udgment . . . against Defendants, jointly and severally, for compensatory and monetary damages." (*Id.* at Prayer for Relief ¶ D.) The Court shall adopt the Magistrate Judge's Report and Recommendation on this issue out of an abundance of caution to the extent any portion of Plaintiff's Complaint can be read as seeking monetary damages against Defendants in their official capacities.

---

[2] Defendants also raise additional bases on which the Court could arguably dismiss Plaintiff's Complaint, including failure to allege an official policy or custom that contributed to his alleged injury, failure to allege that he is likely to face injury in the future, and qualified immunity. Because the Court adopts the Magistrate Judge's report and Recommendation, the Court need not reach these alternative grounds for dismissal.

Furthermore, the Court agrees that, even construing Plaintiff's allegations liberally and in his favor, the Complaint lacks specificity and contains generalized and conclusory allegations that fail to state a claim for relief against the Defendants.[3] Even if all Defendants were aware of the incompatibility between Plaintiff and his assailant under MSOP policy and of the No-Contact Order between these two individuals, that alone does not amount to a sufficiently specific allegation that Defendants were aware of and deliberately disregarded a substantial risk of serious harm to Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Although it is regrettable that Plaintiff suffered an assault at the hands of another committed individual residing at the Minnesota Sex Offender Program, his allegations fail to state a claim that any of the Defendants violated his constitutional rights. *See Prater v. Dahm*, 89 F.3d 538, 541-42 (8th Cir. 1996) ("[E]ven though harm to [the plaintiff] was not ultimately avoided, the [facility] officials' conduct does not rise to the level of a constitutional violation.").

Thus, based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

---

[3] The Court notes that, along with the generalized allegations noted in the Report and Recommendation, the Complaint contains more specific allegations with respect to Defendants Kulas and Johnson. Specifically, Plaintiff alleges that these defendants debriefed the February 22, 2015 incident along with the staff involved. (Doc. No. 1 ("Compl.") at 8.) In addition, the Complaint indicates that Johnson directed Security Counselor Robert Gresczyk to have a conversation with Plaintiff on January 5, 2016 regarding an interaction between Plaintiff and his assailant. (*See id.* at 22.) Finally, the Complaint alleges that all Defendants "were fully aware of the incompatibility between Plaintiff and Jackson, however failed to follow proper procedures regarding incompatibilities between clients." (*See id.* at 10.) Even these additional allegations, however, fail to plausibly support Plaintiff's overall claims.

**ORDER**

1. Plaintiff Bill M. Boots' objections (Doc. No. [33]) to Magistrate Judge Leo I. Brisbois's January 23, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's January 23, 2018 Report and Recommendation (Doc. No. [32]) is **ADOPTED**, consistent with this order.

3. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. [14]) is **GRANTED** as follows:

    a. Plaintiff's claims against Defendants in their official capacities seeking monetary damages are **DISMISSED WITH PREJUDICE**.

    b. All of Plaintiff's other claims against Defendants in their official and individual capacities are **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's Motion for Additional Storage Bin (Doc. No. [23]) is **DENIED AS MOOT**.

5. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 2, 2018                s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge